**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jasper Jones, | No. CV-19-00350-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Eric Frias, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Consolidate Cases and Adjourn Scheduling Order Dates. (Doc. 55 in CV 19-350.)[1] Defendants responded (Doc. 58) and Plaintiff replied (Doc. 59). Identical motions were filed in the cases Plaintiff seeks to consolidate, CV-19-00351-TUC-RM, *McBeth v. Frias, et al.*, and CV-20-00037-TUC-RM, *Biddings v. Frias*, *et. al.* (*See also* Docs. 54, 56.) The Court will grant in part and deny in part the Motion to Consolidate as set forth herein.

**I.     Background**

Plaintiffs seek consolidation of the three cases for the purposes of discovery and pre-trial matters only and seek to have a single scheduling order issued for all three cases. (Doc. 55 at 1.) It is undisputed that each of these three cases involves allegations by an incarcerated individual of sexual assault and retaliation committed by a former

---

[1] Unless otherwise indicated, the record citations herein refer to the docket in CV-19-00350-TUC-RM and the page numbers generated by the Court's electronic filing system.

corrections officer—Defendant Eric Frias—in violation of the Eighth and First Amendments of the United States Constitution. (*Id.* at 2-3.) All three Plaintiffs are represented by the same attorney and law firm; likewise, Defendant Frias is represented by the same counsel in all three cases and the State Defendants are represented by the same Assistant Attorney General from the Arizona Attorney General's Office. (*Id.* at 3-4.) While the Complaints in 19-CV-350 and 19-CV-351 were filed on the same date, July 11, 2019 (*id.* at 3), the Complaint in 20-CV-37 was filed on January 23, 2020 (Doc. 1 in 20-CV-37).

Plaintiffs argue in support of their Motion that all three cases involve common questions of fact and law regarding each of their allegations of sexual assault and retaliation against Defendant Frias. (Doc. 55 at 3.) The cases 19-CV-350 and 19-CV-351 also allegedly involve common allegations against and questions of law relating to Defendant Roberts, the Warden of the institution where Plaintiffs were incarcerated. (*Id.*) Thus, Plaintiffs contend, consolidation is proper under Fed. R. Civ. P. 42(a) and LRCiv 42.1.

Plaintiffs further argue that discovery is ongoing in all three cases. (*Id.* at 4.)[2] Plaintiffs aver that Defendants have agreed that expert reports in the instant case may be mutually exchanged on May 3, 2021, and that expert discovery be completed by June 4, 2021 (*id.* at 6), although these dates have not been formally presented to or approved by

---

[2] In 19-CV-350, the most recent Scheduling Order states that the deadline for completion of expert disclosures under Rule 26(a)(2)—the final step in completion of discovery—was April 1, 2021. (Doc. 50.) The Court extended that deadline at the parties' request in order to allow time to conduct the deposition of Defendant Frias, which took place on April 5, 2021, and thereafter to allow the parties' experts an opportunity to consider his testimony in preparing their final reports. (*Id.*; *see also* Doc. 55 at 5.) Dispositive motions are currently due by May 3, 2021. (*Id.*)
  In 19-CV-351, the most recent Scheduling Order indicates that the deadline for completion of discovery was April 15, 2021 and that dispositive motions are due by June 2, 2021. (Doc. 89.)
  In 20-CV-37, the most recent Scheduling Order indicates that all discovery shall be completed on or before June 29, 2021. (Doc. 24.) A motion for summary judgment for failure to exhaust administrative remedies is currently pending and not yet fully briefed. (*See* Docs. 30, 46.) Thus, even if discovery was still open in either 19-CV-350 or 19-CV-351 when Plaintiffs filed the Motion to Consolidate, discovery in both those cases has since concluded.

the Court.[3] Plaintiffs then argue that discovery should be extended in 19-CV-350 and 19-CV-351 to align with the discovery dates in 20-CV-37 because, following the deposition of Mr. Frias, it became apparent that additional discovery was needed in all three cases. (*Id.* at 5.)

Defendants argue in response that Plaintiffs are not actually seeking consolidation but, rather, to amend the scheduling order to reopen discovery, and that Plaintiffs have not shown the requisite good cause and due diligence to warrant doing so.

## II.   Applicable Law

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The "good cause" standard "primarily considers the diligence of the party seeking the amendment" and "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (internal citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

---

[3] *See, e.g.*, the original Scheduling Order in 19-CV-351 (Doc. 23), setting forth the rule that "the parties may mutually agree in writing, without court approval, to extend the time provided for discovery responses in Fed. R. Civ. P. 33, 34, and 36, but such agreed upon extensions shall not alter or extend the deadlines set forth in this Order." Thus, the parties have not set forth, nor is the Court aware of, authority that allows the parties to mutually extend discovery deadlines without Court approval.

The Ninth Circuit has set forth six factors for district courts to consider when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

### III. Analysis

Plaintiffs' assertions to the contrary notwithstanding, the record shows that discovery has closed in both 19-CV-350 and 19-CV-351. *See* supra n.2. Furthermore, it appears that Plaintiffs' primary motivation in seeking consolidation is to conduct additional discovery in those two cases in which discovery has closed. While the cases before the Court do involve common questions of law or fact, Plaintiffs have not argued, and the Court does not find, that the resolution of the cases would be aided in any meaningful way by consolidation. Rather, the primary justification for the sought-after consolidation is the reopening of discovery in 19-CV-350 and 19-CV-351. Therefore, the Motion to Consolidate is more properly characterized as a motion to reopen discovery in those cases.

First, the Court considers whether Plaintiffs have shown good cause to amend the scheduling orders in 19-CV-350 and 19-CV-351. The deposition of Eric Frias, which, according to Plaintiffs, was the precipitating event causing them to realize a need for further discovery, took place on April 5, 2021. The instant motion was filed on April 8, 2021. Based on this timeline, the Court finds that Plaintiffs demonstrated due diligence in seeking the requested extensions. Furthermore, Defendants have not articulated any prejudice resulting from extending the discovery period in this case apart from being subject to this litigation and having relied on the existing deadlines. (*See* Doc. 58.) The

Court does not find these reasons sufficient to outweigh Plaintiff's showing of due diligence.

Next, because Plaintiffs are seeking not to extend existing deadlines but to re-open discovery that has concluded, the Court considers the six factors set forth in *City of Pomona*, 866 F.3d at 1066. First, as no trial dates have been set in any of the three matters, trial is not imminent. This factor weighs in favor of re-opening. Second, the request is opposed, weighing against re-opening. Third, as discussed above, Defendants are not prejudiced by re-opening. This factor weighs in favor of re-opening. Fourth, as discussed above, Plaintiffs were diligent in obtaining discovery within deadlines and in pursuing the current request to re-open when the need to do so became evident. This factor weighs in favor of reopening. Fifth, the Court lacks information upon which to determine whether re-opening discovery will create a foreseeable need for additional discovery in light of the time allowed by the requested re-opening, and thus this factor weighs neither for nor against re-opening. Sixth, although Plaintiffs have not explicitly stated what further discovery they would seek were discovery to be re-opened, the Court finds it reasonable to assume that discovery related to the content of the deposition of Defendant Frias is likely to lead to potentially relevant evidence.

Having considered the above, the Court will grant Plaintiffs' request to re-open discovery in 19-CV-350 and 19-CV-351. However, rather than granting consolidation, the Court will simply issue new scheduling orders in those cases that align with the current deadlines in 20-CV-37.

Good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion to Consolidate Cases and Adjourn Scheduling Order Dates. (Doc. 55) is **granted in part and denied in part**. The Motion is **denied** as to consolidation. The Motion is **granted** as to the adjournment of Scheduling Order dates.

**IT IS FURTHER ORDERED** that the deadlines in 19-CV-350 are re-set as follows:[4]

(1) All expert reports shall be mutually exchanged on **May 21, 2021**.

(2) All expert discovery, including depositions, shall be completed by **June 4, 2021**.

(3) The next settlement status report shall be filed on or before **June 4, 2021**.

(4) All discovery shall be completed on or before **June 29, 2021**.

(5) Dispositive motions not relating to administrative exhaustion shall be filed on or before **July 20, 2021**.

(6) A Joint Proposed Pretrial Order shall be filed **thirty (30) days** after resolution of any dispositive motions filed after the close of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **August 5, 2021**.

Dated this 18th day of May, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

---

[4] The Court will issue a separate order extending deadlines in 19-CV-351.